IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOE MELVIN CEHAND #624036** | § | |
| | § | |
| **V.** | § | **A-08-CA-003-LY** |
| | § | |
| **JOE POLLOCK,** | § | |
| **DENNIS FORSGREN, and** | § | |
| **ARCHIE HOLLINGSWORTH** | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Defendants' Motion to Dismiss for Failure to State a Claim (Document No. 10); and Plaintiff's response thereto (Document No. 11). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his civil rights complaint, Plaintiff was confined in the Clement Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues Burnet County Sheriff Joe Pollock, Investigator Dennis Forsgren, and Deputy Sheriff Archie Hollingsworth. Plaintiff alleges he was arrested pursuant to a Burnet County arrest warrant on January 21, 2005, for burglary of a habitation with the intent to commit robbery and assault. Plaintiff complains he was confined for 13 months before Investigator Forsgren obtained Plaintiff's blood sample for DNA testing. According to Plaintiff, the results of the DNA test came back on March 23, 2006, showing

he was not the perpetrator of the crime. Nevertheless, Plaintiff alleges he was taken to trial 15 months later. Plaintiff asserts on May 22, 2007, he was acquitted by a jury. Despite the acquittal, Plaintiff complains his parole was revoked and he was sent to prison. Apparently, Plaintiff was on parole at the time he allegedly committed the burglary. Plaintiff contends his constitutional rights have been violated. Plaintiff seeks compensatory damages in the amount of $5,000,000 for psychological injuries, humiliation, loss of home, loss of business and loss of personal relationships.

Defendants move to dismiss Plaintiff's complaint, arguing Plaintiff has failed to state a claim upon which relief can be granted. Specifically, they argue Plaintiff has failed to show how each defendant personally violated his rights. They assert they are employees of Burnet County and are not involved with the Texas Board of Pardons and Paroles or the decisions of the State of Texas concerning Plaintiff's parole revocation. They further argue Plaintiff must bring his claim as a writ of habeas and to the extent Plaintiff complains his parole was revoked his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).[1]

Plaintiff responds that Defendants have misconstrued his claims. Plaintiff makes clear he is raising a malicious prosecution claim. He maintains the defendants took him to trial 15 months after the DNA analysis had exonerated him of the crime. He asserts there was no probable cause to take Plaintiff to trial after he was exonerated by DNA evidence. As evidence of the defendants' involvement in Plaintiff's trial, Plaintiff asserts the trial judge stated in open court that it would be a few minutes before the verdict was read because the sheriff and his staff would like to be present during the reading of the verdict. Plaintiff specifically states in his response that his complaint is not

---

[1] Plaintiff seeks only monetary relief in this case. As such, Plaintiff could not have pursued his claims in a writ of habeas corpus, as monetary relief would not be available.

based on the revocation of Plaintiff's parole. Plaintiff admits a challenge to the parole revocation must be made in a writ of habeas corpus.

## DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. A claim should be dismissed when it appears to a certainty that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fee v. Herndon, 900 F.2d 804, 807 (5th Cir.), cert. denied, 498 U.S. 908, 111 S. Ct. 279 (1990). In making such a determination, the court may not go outside the pleadings and must accept all well-pleaded facts as true, viewing them most favorably to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state his case with enough clarity to enable the court and opposing party to determine whether a claim is alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989). A court should dismiss a case only if an affirmative defense or other bar to relief appears on the face of the complaint. Garrett v. Commonwealth Mortgage Corp. of America, 938 F.2d 591, 594 (5th Cir. 1991). Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). Mere conclusory allegations will not survive a motion to dismiss. Id.

The first issue the Court must address is whether Plaintiff has stated a claim under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692 (1979); Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985) (citing Baker, 443 U.S. at 140, 144 n.3, 99 S. Ct. at 2692, 2694 n.3). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. Id. at 817, 105 S. Ct. at 2433.

Plaintiff does not allege in his complaint or clarify in his response what Defendants Pollock or Hollingsworth did to violate his constitutional rights. To the extent he is suing Defendants Pollock and Hollingsworth in their supervisory capacities his claim fails. Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at

304. Plaintiff has failed to provide a basis for holding Defendants Pollock or Hollingsworth liable in this case.

Plaintiff's only complaint against Defendants Forsgren is that he waited 13 months before collecting DNA evidence. He does not allege Forsgren arrested him without probable cause or that Forsgren was even the arresting officer. He further complains he was taken to trial after the DNA evidence exonerated him, but he fails to explain why he believes an investigator for Burnet County would have the authority to take the case to trial. The Burnet County District Attorney is charged with this task. Moreover, malicious prosecution, standing alone, does not state a constitutional violation. Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) ("[C]ausing charges to be filed without probable cause will not without more violate the constitution. So defined, the assertion of malicious prosecution states no constitutional claim."). To the degree Plaintiff is asserting a federal civil rights claim under Section 1983 based on malicious prosecution his claim fails.

## RECOMMENDATION

It is therefore recommended that Defendants' Motion to Dismiss be granted and Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failure to state a claim upon which relief can be granted.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of March, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE